64 F.3d 667
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
WASHINGTON & NORTHERN IDAHO DISTRICT COUNCIL OF LABORERS;
Laborers Local Union 242, Plaintiffs-Appellees,
v.
ALL SEASONS CONSTRUCTION INC., Defendant-Appellant.
 No. 94-35468.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted July 21, 1995.
Decided Aug. 10, 1995.
 
 1
 Before: NOONAN and HAWKINS, Circuit Judges, and LEW,* District Judge.
 
 
 2
 MEMORANDUM**
 
 
 3
 All Seasons Construction ("All Seasons") appeals a judgment by the district court awarding Washington and Northern Idaho District Council of Laborers (the "Union") $12,174.34 pursuant to a liquidated damages provision in the parties' collective bargaining agreement. All Seasons argues that the liquidated damages provision is void as an unconscionable penalty because it bears no relation to actual damages.[1] We have jurisdiction under 28 U.S.C. Sec. 636(c)(3). Because we conclude that All Seasons waived this claim, we affirm.
 
 
 4
 "As a general rule, we will not consider an issue raised for the first time on appeal." See Bolker v. Commission of Internal Revenue, 760 F.2d 1039, 1042 (9th Cir.1985). The issue All Seasons asserts on appeal was not presented to the district court. All Seasons did not raise the issue as a defense in its answer to the complaint. Nor was it raised as an issue in All Seasons' Pretrial Statement.
 
 
 5
 All Seasons contends that, although it did not raise the issue in its earlier pleadings, it raised the issue at trial. We disagree. Whether the liquidated damages provision was an unconscionable penalty was not listed as an issue of law to be decided in the district court's Pretrial Order. And, it was not an issue tried by the district court. There was no oral argument on the issue, and there was no evidence introduced at trial as to actual damages. Compare Idaho Plumbers and Pipefitters Health and Welfare Fund v. United Mechanical Contractors, Inc., 875 F.2d 212, 214-15 (9th Cir.1989) (liquidated damages/penalty issue not waived where, although it was not raised in the pleadings, it was raised at trial and evidence was offered as to actual damages). Therefore, there could be no determination by the district court as to the validity of the liquidated damages provision. While very brief reference to the issue was made in All Seasons' trial brief, we find this insufficient to prevent waiver.
 
 
 6
 We do not find, nor does All Seasons contend, that any of the exceptions to the waiver rule apply here. This is not an "exceptional case" in which review is necessary to prevent a miscarriage of justice or to preserve the integrity of the judicial system. See Bolker, 760 F.2d at 1042. There has been no change in the law while this appeal was pending. See id. Moreover, the issue presented requires factual determinations which should have been presented to and decided by the district court. See id.
 
 
 7
 Finally, we note that even if All Seasons had not waived this claim, we have grave doubts about whether All Seasons should succeed on its penalty claim in light of this record. The cost incurred by All Seasons was a result of its own deliberate and stubborn actions in delaying payment to the Union.
 
 
 8
 AFFIRMED.
 
 
 
 *
 The Honorable Ronald S.W. Lew, United States District Judge for the Central District of California, sitting by designation
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 All Seasons contends that this case presents two issues: whether the liquidated damages provision is unconscionable because it bears no relation to actual damages and whether it is an unenforceable penalty because it bears no relation to actual damages. We consider this to be one issue